THE STATE, JOHN A. FIACRE ET AL., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF JERSEY CITY.

THE SAME v. THE WATER COMMISSIONERS OF JERSEY CITY.

Owners of lots on Newark avenue, in the city of Jersey City, who have formerly been assessed for the expenses of building a sewer through the avenue, are not liable to another assessment, on the principles applicable to assessments for expenses of new sewers as set forth in the act of March 31st, 1865. *Pamph. Laws*, p. 726. The application and proceedings in this case should have been to take up the old sewer and rebuild the same, according to the provisions of the act of March 25th, 1859. *Pamph. Laws*, p. 641.

---

On *certiorari*, to the common council and water commissioners of Jersey City, to remove and set aside an assessment made for expense of constructing a sewer.

Argued before BEDLE and DALRIMPLE, Justices.

For prosecutors, *S. B. Ransom.*

For defendants, *I. W. Scudder.*

The opinion of the court was delivered by

DALRIMPLE, J.   The assessment removed by this *certiorari* is for expenses of constructing a lateral sewer from the east side of Henderson street, through Newark avenue and Warren street to York street, in Jersey City.   The prosecutors are owners of lots on Newark avenue.   In point of fact there

was an old sewer over a portion of the route traversed by the new one, for the expenses of which old sewer the property owners on Newark avenue had been assessed. The prosecutors' complaint is, that the proceedings and assessment are as in case of a new sewer, no notice having been taken of nor allowance made to them for the expenses of the old sewer. This objection appears, on examination of the voluminous mass of documents sent up, to be true in fact. The application to the common council was for "a lateral sewer of sufficient dimensions in Newark avenue, from the east side of Henderson street to Warren street, to connect with the proposed sewer in York street," then in process of construction. It appears upon examination of the two acts of the legislature which must govern the case, that the proceedings to construct a new sewer, and then to take up an existing sewer and rebuild the same, are essentially different. By the act approved March 25th, 1859, (*Laws of* 1859, *p.* 641,) it is provided that when an old sewer in Jersey City is wholly or in part taken up to benefit other lots by building a new sewer, instead of assessing the lots theretofore assessed for the old sewer their full share of the cost, it shall be optional for the assessors to assess said costs either wholly on the lots requiring the new sewer, or such proportion on the city and on the lots before assessed for the old sewer, as in their judgment shall be equitable and proper. By the act approved March 31st, 1865, (*Laws of* 1865, *p.* 726,) power is given to the common council of Jersey City to direct the water commissioners of said city to take up any sewer which may have proved, in the opinion of said water commissioners, inoperative for the purpose intended, and to rebuild the same in conformity with the plan authorized by law. By the second section of the same act, in order to enable the water commissioners to pay the costs and expenses incident to taking up and rebuilding sewers, power is given them to issue bonds and to raise a fund for the payment of such bonds by imposition on each city lot of twenty-five hundred square feet or less, of an annual tax not exceeding $1. By

State, Fiacre et al., pros., v. Mayor, &c., of Jersey City.

the fifth section of this act it is expressly provided that application for taking up and rebuilding sewers may be made to the common council in connection with an application for the construction of sewers, and that in ascertaining the costs of said sewers, the water commissioners shall keep an account of the costs and expenses of taking up and rebuilding the said sewers, separate and distinct from the costs and expenses incident to new sewers.

The conclusion to which I have come, upon what I conceive to be the proper construction of these acts, is, that the application and proceedings in the case before us should have been to take up the old sewer in Newark avenue and rebuild the same, in connection with the construction of a new sewer from York street to the terminus of the sewer to be rebuilt, and that the prosecutors, owners of lots on Newark avenue, are not liable to an assessment upon the principles applicable to assessments for expenses of new sewers. The cases of the *State, Vanderbeck et al., prosecutors, v. Mayor, &c., Jersey City, 5 Dutcher* 441, and *The State, Piard et al., prosecutors, v. The Mayor, &c., Jersey City, 1 Vroom* 148, cited and relied on by the counsel of defendants, arose before the passage of the acts referred to, and cannot control this case.

The assessment on the lots of prosecutors situate on Newark avenue must be set aside, with costs.